

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ray Winder
County Attorney, Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. O-5601
Re: Authority of State Highway
Department, acting through
State Highway Engineer, to
permit out-of-state trucks
properly licensed in their
home states to operate intra-
state for a period of thirty
(30) days without securing
Texas licenses.

We have your letter in reference to the above
matter setting out certain facts and propounding two ques-
tions thereunder, as follows:

"Reference is had to Art. 6675a-16, R.C.
Statutes of Texas, also the following copy of
memorandum:

"'License & Weight Inspectors.

"'We have been advised by Mr. D. C.
Greer, State Highway Engineer, Texas
Highway Department, that his Department
has agreed to let out of state trucks
operate intra-state for a period of 30
days provided that the trucks are proper-
ly licensed in their home States.

"' This for your information

"'Yours very truly

"'Homer Garrison, Jr., Director,
"'By: J. W. Longley, Chief
License and Weight Division.'

C COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The above-quoted order purportedly made by
the State Highway Engineer is apparently predicated
upon the statute referred to. Please advise whether:

"(1) Said statute is sufficient authority to
support the order and agreement of the State Highway
Engineer, without being limited to States having a
similar reciprocal agreement with Texas?

"In this connection, your attention is invited
to the fact that the Statute apparently authorizes
such an agreement by the State Highway Engineer only
as an reciprocal arrangement with other States grant-
ing to Texas motorists like privileges.

"(2) Is the statute mentioned Constitutional
insofar as it relates to the granting of exemptions
from registration in Texas of trucks from other States
where reciprocal agreements are in effect as to Texas?

"I find no authorities on the subject. The
statute seems not to have been construed by the Courts
of Texas."

Article 6675a-16, provides as follows:

"(a) In addition to and regardless of the
provisions of this act, or any other Act relating
to the operation of motor vehicles over the public
highways of this State by non-residents, the State
Highway Department acting by and through the State
Highway Engineer is hereby authorized to enter into
agreements with duly authorized officials of other
States exempting the residents of such other States
using the public highways of this State from the
payment of registration fees for such periods or
extensions of time as may be granted residents of
Texas using the public highways of such other State.

"(b) This section shall be cumulative of all
other laws on this subject, but in the event of a

conflict between the provisions of this section
and any other Act on this subject, the provisions
of this section shall prevail.

"(c) Any person owning or operating a ve-
hicle not registered in this State, in violation
of the terms of any agreement made under this sec-
tion, or in the absence of any agreement, in viola-
tion of the applicable registration laws of this
State, shall be guilty of a misdemeanor and upon
conviction shall be fined any sum not exceeding
Two Hundred ($200.00) Dollars."

The authorization granted by the above statute to
the State Highway Department, acting by and through the State
Highway Engineer, to enter into agreements with duly authorized
officials of other States exempting the residents of such other
States from the payment of registration fees for certain periods
of time is clearly and definitely limited by the statute to "such
periods or extensions of time as may be granted residents of Texas
using the public highways of such other State." It is, there-
fore, not subject to construction on this point, and it follows
that our answer to your first question is that said statute is
not sufficient authority to support the order and agreement of
the State Highway Engineer referred to above, unless said order
is limited to states having a similar reciprocal agreement with
Texas.

Our answer to your second question is that there
are no grounds of unconstitutionality apparent to us in the
statute and none has been called to our attention.

Statutory authorization for reciprocal agreements
inuring to the benefit of residents of other States where simi-
lar benefits are granted to residents of Texas are rather com-
mon. Two examples are Article 2654, Section 2, and Article
305a, Vernon's Annotated Civil Statutes.

The classification made in such statutes seems reason-
able to us because the benefits extended are to residents of

other States extending similar benefits to residents of Texas. We have found no decisions holding such classification unconstitutional.

This statute does not seem to us to be an improper delegation of legislative power because when properly construed, it sets up and defines the standards and limits within which the State Highway Department, acting through the State Highway Engineer, may act.

In the case of <u>Interstate Trucking Company v. Dammann</u>, (Wis.) 241 N. W. 625, 82 A. L. R. 1080, the Wisconsin Court sustained the validity of a statute containing similar provisions and discussed the points mentioned above.

We trust that the foregoing fully disposes of the questions propounded in your letter.

APPROVED NOV 13, 1943

*R W Fairchild*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *E R Simmons*

E. R. Simmons
Assistant

ERS:EP

